UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

    **Plaintiff,**

v.                                                                                         Case No. 6:22-cv-205-WWB-EJK

**REAL PROPERTY LOCATED AT
3124 CHEROKEE ROAD, ST. CLOUD,
FLORIDA 34772**

**REAL PROPERTY LOCATED AT
28 SUTTON PLACE,
SHAKER HEIGHTS, OHIO 44120**

**PROCEEDS FROM THE SALE OF
PROPERTY LOCATED ON
CORUPANO DR IN
PUNTA GORDA, FL**

**APPROXIMATELY $262,715.64
SEIZED FROM PNC BANK ACCOUNT
#1238170768 HELD IN THE NAME OF
HARRIS FAITH INVESTMENTS, LLC**

**2020 HYUNDAI PALISADE
VIN #KM8R24HE5LU094121
TITLED IN THE NAME OF
LEVELLE HARRIS**

    **Defendants.**

### UNITED STATES' UNCONTESTED
### MOTION FOR JUDGMENT OF FORFEITURE

The United States moves the Court, pursuant to 18 U.S.C. §§ 981(a)(1)(A)

and (a)(1)(C), for a Judgment of Forfeiture for the Defendant Assets. The United

States has properly served notice on all interested parties. All filed claims have

been resolved, and the requisite time periods in which to file a claim as set forth in 18 U.S.C. § 983(a)(4)(A) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims, have expired.  In support thereof, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

### I. Statement of the Facts

1. On April 15, 2022, the Unites States filed a Second Amended Verified Complaint for Forfeiture *In Rem*, seeking the forfeiture of the Defendant Assets.  Specifically, the United States alleged that the Defendant Assets were subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) because they were purchased or traceable to proceeds obtained from wire fraud offenses (obtained in violation of 18 U.S.C. § 1343), and involved in, or traceable to, money laundering transactions (in violation of 18 U.S.C. § 1957).  Doc. 14.

### II. Potential Interest in the Assets Sought for Forfeiture

2. As set forth below, in compliance with Rule G(4), the United States provided proper notice of this action to all known and unknown parties.

#### A. Known Parties with a Potential Interest in the Defendant Assets

3. The only known parties with a potential interest in the Defendant Assets are Levelle Harris, Rachelle Harris, Harris Faith Investments, LLC, the Osceola County Tax Collector, and Unlock Partnership Solutions Inc.

### 1. Levelle Harris/Harris Faith Investments, LLC

4. As outlined in the complaint, Levelle Harris was the titled owner of the Sutton Place and Cupano Drive properties, as well as the 2020 Hyundai Palisade. Harris Faith Investments, LLC, which Levelle Harris is the sole authorized member of (*see* Doc. 14 at ¶ 33), was the titled owner of the Cherokee Road and PNC Bank account.

5. In accordance with 18 U.S.C. § 985(c)(1)(C), Levelle Harris was personally served[1] with a Notice of Complaint for Forfeiture and a copy of the Second Amended Verified Complaint for Forfeiture *in Rem*. Doc. 26. Thereafter, Levelle Harris filed a claim to contest the forfeiture of the funds in the PNC Bank account. *See* Doc. 33.

6. On October 19, 2022, Levelle Harris, individually and on behalf of Harris Faith Investments, LLC, consented to the forfeiture of all the Defendant Assets.[2] *See* Exhibit A.

---

[1] Personal service of a civil forfeiture action is *only* required if the United States seeks to forfeit real property, *compare* 18 U.S.C. § 985(c)(1)(C) *with* Supplemental Rules G(4)(b)(iii)-(iv), and personal service is only required on the property owner. Accordingly, in instances where the United States seeks to forfeit personal property, the United States is only required to "send notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Due process does not require that an interested party actually receive notice of the proceedings, nor does it demand that the Government employ the best or most reliable means of ensuring notice. *United States v. Davenport*, 668 F.3d 1316, 1323 (11th Cir. 2012) (internal citations omitted).

[2] As part of the agreement reached with Mr. Harris, the United States allowed him to sell the Cherokee Road and Sutton Place properties himself. *See* Exhibit

      2.    *Rachelle Harris*

7.    Rachelle Harris, Levelle Harris' wife, was a signor on the PNC Bank account. As a result, in accordance with Supplemental Rule G(4)(b), on April 29, 2022, the United States sent Rachelle Harris the Notice of Complaint for Forfeiture, a copy of the Second Amended Verified Complaint for Forfeiture *in Rem,* Warrant of Arrest *in* Rem, a copy of the Acknowledgment of Receipt of Notice of Complaint for Forfeiture *in Rem*, and a self-addressed, stamped envelope ("Notice Package"), via certified and regular mail, to her residence.

8.    While Rachelle Harris did not file a claim to contest the forfeiture of any of the Defendant Assets, she signed a "Consent to Forfeiture," wherein she agreed to forfeit her interest, if any, in all of the Defendant Assets.[3] *See* Exhibit B.

---

A. Mr. Harris obtained approximately $361,837.50 from the sale of the Cherokee Road property, which the United States will forfeit in lieu of forfeiting the property itself. *Id*. However, Mr. Harris was unable to procure a buyer for the Sutton Place property in the time proscribed in the Consent to Forfeiture. Accordingly, Mr. Harris agreed that the United States may forfeit and sell the property itself. *Id*.

[3] The signing of the Consent to Forfeiture establishes that Rachelle Harris received notice of these proceedings, so the United States will not provide evidence to establish that it sent notice "reasonably calculated, under all the circumstances," to apprise Rachelle Harris of the pendency of the action. *Cf.* Supplemental G(4)(b)(v) ("A potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice.").

       *3.    The Osceola Tax Collector and Unlock Partnership Solutions Inc.*

9. The Osceola Tax Collector filed a claim asserting an interest in the Cherokee Road property for any unpaid property taxes. *See* Doc. 28. Likewise, Unlock Partnership Solutions Inc. filed a claim asserting an interest in the same property as a result of a mortgage it held against the property. *See* Doc. 33. The claims filed by both entities establish that they had actual notice of these proceedings (*see* Supplemental G(4)(b)(v)), so the United States will not provide evidence on how it provided notice reasonably calculated to apprise them of these proceedings. Regardless, upon the sale of the Cherokee Road property by Mr. Harris, both parties were paid any monies that were owed to them as a result of their interests in the property. Consequently, their claims are now moot.

    **B.**    **Unknown Parties**

10. The United States published notice of the above-referenced civil forfeiture action on its official website, www.forfeiture.gov, for a period of 30 consecutive days, from April 22, 2022, through and including May 21, 2022, as required by Supplemental Rule G(4)(a)(i) & (iv)(C)(3), and as evidenced by the Declaration of Publication filed with this Court on May 23, 2022. Doc. 27. Pursuant to Supplemental Rule G(5)(a)(ii)(B), anyone who received notice via publication was required to file a claim no later than 60 days after the first day of publication – here, on or before June 21, 2022.

11. The time to file a claim or otherwise contest the forfeiture has expired, an no claims have been filed, other than those addressed above.

II.  **Legal Argument**

Based on the facts, which are more fully set forth in the Second Amended Verified Complaint, the Defendant Assets are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), (a)(1)(C), and Supplemental Rule G.  Docs. 14; *see also United States v. Levelle Harris*, Case No. 5:22-cr-29-GAP-PRL at Doc. 1, 28, 35 and 45.  The Defendant Assets represent proceeds obtained from wire fraud offenses, in violation of 18 U.S.C. § 1343, and property involved in, or traceable to, money laundering transactions, in violation of 18 U.S.C. § 1957.  *Id*.  As such, they are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

Pursuant to Supplemental Rule G(5)(a) & (b), any claimant to the Defendant Assets is required to file a claim no later than 35 days after the written notice was sent or 60 days after the first publication of notice on the official Government website.  The time periods for contesting this case have expired, and no extensions to these time periods have been requested, consented to, or granted by this Court.  Additionally, any timely claims that were filed have been

resolved.  Consequently, it is now appropriate for the Court to enter a Final Judgment of Forfeiture.

                Respectfully Submitted,

                ROGER B. HANDBERG
                United States Attorney

By:      *s/Nicole M. Andrejko*
           NICOLE M. ANDREJKO
           Assistant United States Attorney
           Florida Bar Number 0820601
           400 W. Washington Street, Ste. 3100
           Orlando, Florida 328012
           (407) 648-7500 – telephone
           (407) 648-7643 - facsimile
           E-mail: nicole.andrejko@usdoj.gov